# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH ANTHONY RUSHING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:14-cv-01420-TWP-TAB |
| ) | |
| WILLLIAM WOLFE DR., ) | |
| JANICE WALDSTEIN ARNP, ) | |
| MICHELL MYERS FNP-BC, ) | |
| MICHAEL PERSON DR., ) | |
| CLARKSON DR., ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

Plaintiff Joseph Anthony Rushing ("Mr. Rushing") brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants Dr. William Wolfe Dr., Nurse Janice Waldstein, Michell Myers, Fnp-Bc, Dr. Michael Person ("Dr. Person"), and Dr. Clarkson (collectively "Defendants"), exhibited deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.

Because Mr. Rushing is a prisoner, the complaint is subject to the screening requirement of 28 U.S.C. § 1915A (b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and

its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)).

Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

Mr. Rushing claims that he is "constantly having serious discomfort under both arm pits from burning and swelling of hives." He also states that after "having gone through dozens of creams, pills, ointments and even shots—a lot of which were the same medications over and over—it was decided by Dr. Person to get a biopsy (from the armpit area). However, it (the biopsy) was to no avail." Mr. Rushing also asserts that he has been told there is no cure for his condition. He further claims that none of the defendants have ever "just called [him] over to the infirmary to 'check' his condition . . . ."

The constitutional provision pertinent to Mr. Rushing's claim is the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Specifically, the Eighth Amendment imposes a duty on prison officials to provide medical care to inmates. *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). In order for an inmate to state a claim under § 1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could

be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (construing *Estelle*). Prison officials may exhibit deliberate indifference to a known condition through inaction, *Gayton v. McCoy*, 593 F.3d 610, 623–24 (7th Cir. 2010); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009), or by persisting with inappropriate treatment, *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir.2011); *Greeno v. Daley*, 414 F.3d 645, 653–54 (7th Cir. 2005). Prison officials might also show their deliberate indifference by delaying necessary treatment and thus aggravating the injury or needlessly prolonging an inmate's pain. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). It is well-settled, however, that while incarcerated, an inmate is not entitled to the best possible care or to receive particular treatment of his choice. *See Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Negligence, even gross negligence, is insufficient to establish deliberate indifference under the Eighth Amendment. *See Farmer*, 511 U.S. at 835; *Mathis v. Fairman*, 120 F.3d 88, 92 (7th Cir. 1997); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

A finding of deliberate indifference also requires that a defendant personally participated in the alleged actions or omissions. *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). "[A]n official meets the personal involvement requirement when she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent." *Black v. Lane,* 22 F.3d 1395, 1401 (7th Cir. 1994) (quoting *Smith v. Rowe,* 761 F.2d 360, 369 (7th Cir. 1985)) (citations and internal quotations omitted). Without such an allegation, there can be no recovery. *Burks v. Raemisch,* 555 F.3d 592,

3

593-94 (7th Cir. 2009)("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . .").

Given these principles of liability, Mr. Rushing's complaint must be **dismissed**. The Court reaches this conclusion because there is no allegation that any of the Defendants "acted with a sufficiently culpable state of mind." *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (citation omitted). Assuming that the medical condition he claims is serious, Mr. Rushing does not allege that any Defendant ignored his complaints or denied him treatment. He also does not make any allegation of particular acts or omissions on the part of any defendant except defendant Dr. Person. With respect to Dr. Person, Mr. Rushing alleges that Dr. Person ordered a biopsy and told him there is no cure for his condition. Neither of these acts supports a finding a deliberate indifference on the part of Dr. Person.

The dismissal of the complaint will not lead to the dismissal of the action at present. Instead, Mr. Rushing shall have **through December 1, 2014,** in which **to file an amended complaint** which corrects the deficiencies noted in this Entry.

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances, (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury, and (d) the amended complaint shall contain a clear statement of the relief which is sought. Failure to file an amended complaint as directed may result in dismissal of this action without further notice to Mr. Rushing.

**IT IS SO ORDERED.**

Date: 11/4/2014

_Hon. Tanya Walton Pratt, Judge_
_United States District Court_
_Southern District of Indiana_

Distribution:

JOSEPH ANTHONY RUSHING
895997
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only